1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11    CALIFORNIA SPORTFISHING              No. 2:12-cv-00441-MCE-EFB
      PROTECTION ALLIANCE,
12
                Plaintiff,
13                                         PRETRIAL SCHEDULING ORDER
          v.
14
      ELDER CREEK TRANSFER &
15    RECOVERY, INC., et al.,

16              Defendants.
      _____/
17

18        After reviewing the parties' Joint Status Report, the Court

19    makes the following Pretrial Scheduling Order.

20        I.    SERVICE OF PROCESS

21        All named Defendants have been served and no further service

22    is permitted without leave of court, good cause having been

23    shown.

24        II.   ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

25        No joinder of parties or amendments to pleadings is

26    permitted without leave of court, good cause having been shown.

27    ///

28    ///

                                      1

III. <u>JURISDICTION/VENUE</u>

Jurisdiction is predicated upon 33 U.S.C. § 1365(a)(1)(A) and 28 U.S.C. § 1331.  Jurisdiction and venue are not contested.

IV.  <u>DISCOVERY</u>

All discovery, with the exception of expert discovery, shall be completed by **May 24, 2013.**  In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.  All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this Court.

V.   <u>DISCLOSURE OF EXPERT WITNESSES</u>

All counsel are to designate in writing, file with the Court, and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial not later than **July 24, 2013.**[1]  The designation shall be accompanied by a written report prepared and signed by the witness.  The report shall comply with Fed. R. Civ. P. 26(a)(2)(B).

Within twenty (20) days after the designation of expert witnesses, any party may designate a supplemental list of expert witnesses who will express an opinion on a subject covered by an expert designated by an adverse party.

---

[1] The discovery of experts will include whether any motions based on <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.,</u> 509 U.S. 579 (1993) and/or <u>Kumho Tire Co. v. Carmichael</u>, 119 S. Ct. 1167 (1999) are anticipated.

1  The right to designate a supplemental expert for rebuttal
2  purposes only shall apply to a party who has not previously
3  disclosed an expert witness on the date set for expert witness
4  disclosure by this Pretrial Scheduling Order.

5       Failure of a party to comply with the disclosure schedule as
6  set forth above in all likelihood will preclude that party from
7  calling the expert witness at the time of trial.  An expert
8  witness not appearing on the designation will not be permitted to
9  testify unless the party offering the witness demonstrates:
10 (a) that the necessity for the witness could not have been
11 reasonably anticipated at the time the list was proffered;
12 (b) that the Court and opposing counsel were promptly notified
13 upon discovery of the witness; and (c) that the witness was
14 promptly made available for deposition.

15      For purposes of this Pretrial Scheduling Order, an "expert"
16 is any person who my be used at trial to present evidence under
17 Rules 702, 703, and 705 of the Federal Rules of Evidence, which
18 include both "percipient experts" (persons who, because of their
19 expertise, have rendered expert opinions in the normal course of
20 their work duties or observations pertinent to the issues in the
21 case) and "retained experts" (persons specifically designated by
22 a party to be a testifying expert for the purposes of
23 litigation).

24      Each party shall identify whether a disclosed expert is
25 percipient, retained, or both.  It will be assumed that a party
26 designating a retained expert has acquired the express permission
27 of the witness to be so listed.
28 ///

3

1  Parties designating percipient experts must state in the

2  designation who is responsible for arranging the deposition of

3  such persons.

4       All experts designated are to be fully prepared at the time

5  of designation to render an informed opinion, and give their

6  bases for their opinion, so that they will be able to give full

7  and complete testimony at any deposition taken by the opposing

8  party.  Experts will not be permitted to testify at the trial as

9  to any information gathered or evaluated, or opinion formed,

10 after deposition taken subsequent to designation.

11      Counsel are instructed to complete all discovery of expert

12 witnesses in a timely manner in order to comply with the Court's

13 deadline for filing dispositive motions.

14      VI.  <u>MOTION HEARING SCHEDULE</u>

15      The last day to hear dispositive motions shall be

16 **November 14, 2013**.  The parties shall comply with the following

17 filing deadlines:

18
        Dispositive motion           filed at least 8 weeks
19                                    prior to hearing

20      Opposition and any           filed at least 5 weeks
        cross-motion                 prior to hearing

21      Reply and opposition to      filed at least 3 weeks
        cross-motion                 prior to hearing
22
        Reply to cross-motion        filed at least 1 week
23                                    prior to hearing

24

25      The parties are directed to the Court's website for

26 available hearing dates.  (www.caed.uscourts.gov → choose Court

27 Calendar → choose Judge England → choose More Calendaring

28 Information)

4

1     All purely legal issues are to be resolved by timely
2   pretrial motions.  Failure to comply with Local Rules 230 and
3   260, as modified by this Order, may be deemed consent to the
4   motion and the Court may dispose of the motion summarily.
5   Further, failure to timely oppose a summary judgment motion[2] may
6   result in the granting of that motion if the movant shifts the
7   burden to the nonmovant to demonstrate that a genuine issue of
8   material fact remains for trial.
9     The Court places a page limit for points and authorities
10  (exclusive of exhibits and other supporting documentation) of
11  twenty (20) pages on all initial moving papers, twenty (20) pages
12  on oppositions, and ten (10) pages for replies.  All requests for
13  page limit increases must be made in writing to the Court setting
14  forth any and all reasons for any increase in page limit at least
15  fourteen (14) days prior to the filing of the motion.
16    For the Court's convenience, citations to Supreme Court
17  cases should include parallel citations to the Supreme Court
18  Reporter.
19    The parties are reminded that a motion _in limine_ is a
20  pretrial procedural device designed to address the admissibility
21  of evidence.  The Court will look with disfavor upon
22  dispositional motions presented at the Final Pretrial Conference
23  or at trial in the guise of motions _in limine_.
24  ///
25  ///
26
27       [2] The Court urges any party that contemplates bringing a
28  motion for summary judgment or who must oppose a motion for
     summary judgment to review Local Rule 260.

5

1   The parties are cautioned that failure to raise a

2   dispositive legal issue that could have been tendered to the

3   court by proper pretrial motion prior to the dispositive motion

4   cut-off date may constitute waiver of such issue.

5        VII. <u>FINAL PRETRIAL CONFERENCE</u>

6        The Final Pretrial Conference is set for **January 23, 2014,**

7   at **2:00 p.m.**  At least one of the attorneys who will conduct the

8   trial for each of the parties shall attend the Final Pretrial

9   Conference.  If by reason of illness or other unavoidable

10  circumstance a trial attorney is unable to attend, the attorney

11  who attends in place of the trial attorney shall have equal

12  familiarity with the case and equal authorization to make

13  commitments on behalf of the client.

14       Counsel for all parties are to be fully prepared for trial

15  at the time of the Final Pretrial Conference, with no matters

16  remaining to be accomplished except production of witnesses for

17  oral testimony.

18       The parties shall file, not later than **January 2, 2014**, a

19  Joint Final Pretrial Conference Statement.  The provisions of

20  Local Rules 281 shall apply with respect to the matters to be

21  included in the Joint Final Pretrial Conference Statement.  In

22  addition to those subjects listed in Local Rule 281(b), the

23  parties are to provide the Court with a plain, concise statement

24  that identifies every non-discovery motion tendered to the Court

25  and its resolution.  Failure to comply with Local Rule 281, as

26  modified by this Pretrial Scheduling Order, may be grounds for

27  sanctions.

28  ///

1   At the time of filing the Joint Final Pretrial Conference
2   Statement, counsel shall also electronically mail to the Court in
3   digital format compatible with Microsoft Word or WordPerfect, the
4   Joint Final Pretrial Conference Statement in its entirety
5   including the witness and exhibit lists.  **These documents shall**
6   **be sent to: mceorders@caed.uscourts.gov.**
7   The parties should identify first the core undisputed facts
8   relevant to all claims.  The parties should then, in a concise
9   manner, identify those undisputed core facts that are relevant to
10  each claim.  The disputed facts should be identified in the same
11  manner.  Where the parties are unable to agree as to what
12  disputed facts are properly before the Court for trial, they
13  should nevertheless list all disputed facts asserted by each
14  party.  Each disputed fact or undisputed fact should be
15  separately numbered or lettered.
16  Each party shall identify and concisely list each disputed
17  evidentiary issue which will be the subject of a motion in
18  limine.
19  Each party shall identify the points of law which concisely
20  describe the legal issues of the trial which will be discussed in
21  the parties' respective trial briefs.  Points of law should
22  reflect issues derived from the core undisputed and disputed
23  facts.  Parties shall not include argument or authorities with
24  any point of law.
25  The parties shall prepare a joint statement of the case in
26  plain concise language which will be read to the jury at the
27  beginning of the trial.  The purpose of the joint statement is to
28  inform the jury what the case is about.

1    The parties are reminded that pursuant to Local Rule 281

2  they are required to list in the Joint Final Pretrial Conference

3  Statement all witnesses and exhibits they propose to offer at

4  trial.  After the name of each witness, each party shall provide

5  a brief statement of the nature of the testimony to be proffered.

6  The parties may file a joint list or each party may file separate

7  lists.  These list(s) shall not be contained in the body of the

8  Joint Final Pretrial Conference Statement itself, but shall be

9  attached as separate documents to be used as addenda to the Final

10  Pretrial Order.

11    Plaintiff's exhibits shall be listed numerically.

12  Defendants' exhibits shall be listed alphabetically.  The parties

13  shall use the standard exhibit stickers provided by the Court

14  Clerk's Office: pink for plaintiff and blue for defendant.  In

15  the event that the alphabet is exhausted, the exhibits shall be

16  marked "AA-ZZ" and "AAA-ZZZ" etc.  After three letters, note the

17  number of letters in parenthesis (i.e., "AAAA(4)") to reduce

18  confusion at trial.  All multi-page exhibits shall be stapled or

19  otherwise fastened together and each page within the exhibit

20  shall be numbered.  All photographs shall be marked individually.

21  The list of exhibits shall not include excerpts of depositions,

22  which may be used to impeach witnesses.  In the event that

23  Plaintiff and Defendants offer the same exhibit during trial,

24  that exhibit shall be referred to by the designation the exhibit

25  is first identified.  The Court cautions the parties to pay

26  attention to this detail so that all concerned, including the

27  jury, will not be confused by one exhibit being identified with

28  both a number and a letter.

1   The Final Pretrial Order will contain a stringent standard
2   for the offering at trial of witnesses and exhibits not listed in
3   the Final Pretrial Order, and the parties are cautioned that the
4   standard will be strictly applied.  On the other hand, the
5   listing of exhibits or witnesses that a party does not intend to
6   offer will be viewed as an abuse of the court's processes.

7   The parties also are reminded that pursuant to Rule 16 of
8   the Federal Rules of Civil Procedure it will be their duty at the
9   Final Pretrial Conference to aid the Court in: (a) the
10  formulation and simplification of issues and the elimination of
11  frivolous claims or defenses; (b) the settling of facts that
12  should properly be admitted; and (c) the avoidance of unnecessary
13  proof and cumulative evidence.  Counsel must cooperatively
14  prepare the Joint Final Pretrial Conference Statement and
15  participate in good faith at the Final Pretrial Conference with
16  these aims in mind.  A failure to do so may result in the
17  imposition of sanctions which may include monetary sanctions,
18  orders precluding proof, elimination of claims or defenses, or
19  such other sanctions as the Court deems appropriate.

20  VIII.  <u>TRIAL BRIEFS</u>

21  The parties shall file trial briefs not later than
22  **January 9, 2014.**  Counsel are directed to Local Rule 285
23  regarding the content of trial briefs.

24  IX.  <u>EVIDENTIARY AND/OR PROCEDURAL MOTIONS</u>

25  Any evidentiary or procedural motions are to be filed by
26  **January 2, 2014.**  Oppositions must be filed by **January 9, 2014,**
27  and any reply must be filed by **January 16, 2014.**

28  ///

9

The motions will be heard by the Court at the same time as the Final Pretrial Conference.

X.   TRIAL SETTING

The trial is set for **March 24, 2014, at 9:00 a.m.**   Trial will be by jury.   The panel will consist of **eight (8) jurors.** The parties estimate a trial length of **ten (10) days.**

XI.   SETTLEMENT CONFERENCE

At the Final Pretrial Conference, the Court may set a settlement conference if the parties so request.   In the event no settlement conference is requested, the parties are free to continue to mediate or attempt to settle the case with the understanding that the trial date is a firm date.

In the event a settlement conference is set by the Court, counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms.   At least seven (7) calendar days before the settlement conference, counsel for each party shall submit to the chambers of the settlement judge a confidential Settlement Conference Statement.   Such statements are neither to be filed with the Clerk nor served on opposing counsel.   Each party, however, shall serve notice on all other parties that the statement has been submitted.   If the settlement judge is not the trial judge, the Settlement Conference Statement shall not be disclosed to the trial judge.

Notwithstanding the foregoing, the parties may request a settlement conference prior to the Final Pretrial Conference if they feel it would lead to the possible resolution of the case. ///

1  In the event an early settlement conference date is requested,
2  the parties shall file said request jointly, in writing.  The
3  request must state whether the parties waive disqualification,
4  pursuant to Local Rule 270(b), before a settlement judge can be
5  assigned to the case.  Absent the parties' affirmatively
6  requesting that the assigned Judge or Magistrate Judge
7  participate in the settlement conference AND waiver, pursuant to
8  Local Rule 270(b), a settlement judge will be randomly assigned
9  to the case.

10       XII. <u>VOLUNTARY DISPUTE RESOLUTION PROGRAM</u>

11       Pursuant to Local Rule 271 parties will need to lodge a
12  stipulation and proposed order requesting referral to the
13  Voluntary Dispute Resolution Program.

14       XIII. <u>MODIFICATION OF PRETRIAL SCHEDULING ORDER</u>

15       The parties are reminded that pursuant to Rule 16(b) of the
16  Federal Rules of Civil Procedure, the Pretrial Scheduling Order
17  shall not be modified except by leave of court upon a showing of
18  **good cause.**  Agreement by the parties pursuant to stipulation
19  alone to modify the Pretrial Scheduling Order does not constitute
20  good cause.  Except in extraordinary circumstances,
21  unavailability of witnesses or counsel will not constitute good
22  cause.

23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

1    XIV. <u>OBJECTIONS TO PRETRIAL SCHEDULING ORDER</u>

2        This Pretrial Scheduling Order will become final without

3    further order of the Court unless objections are filed within

4    seven (7) <u>court</u> days of service of this Order.

5        IT IS SO ORDERED.

6
    Dated: May 21, 2012

7

8                                          _____

9                                          MORRISON C. ENGLAND, JR.
                                           UNITED STATES DISTRICT JUDGE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    12